## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 24-40-CFC |
| | ) |
| ASAAD AMIR HASUAN | ) |
| a/k/a "Dante Fredrick" | ) |
| DEBORAH DANIELSTUNSTILL | ) |
| DESTINEE LECOUNT | ) |
| AUDREY GIBBONS | ) |
| PENNY HUNTER | ) |
| BEVERLY FREDRICK | ) |
| LAKISHA EASTON | ) |
| JASMINE WARREN | ) |
| MANUEL JOSEPH ROCHA | ) |
| | ) |
| Defendants. | ) |

REDACTED

FILED
NOV 1 4 2024
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### SUPERSEDING INDICTMENT

The Grand Jury for the District of Delaware charges that:

### INTRODUCTION

1.      While incarcerated, the defendant, **ASAAD AMIR HASUAN a/k/a "Dante Fredrick,"** perpetrated fraud schemes against the family and friends of his fellow inmates. Using any manner of lies, misrepresentations, and false promises, **ASAAD AMIR HASUAN** sought to earn the trust of his victims and exploit their loyalty and affection for their incarcerated loved ones. Among other things, **ASAAD AMIR HASUAN** falsely promised to provide legal assistance, physical protection, and investment opportunities. At times, **ASAAD AMIR HASUAN** led his victims to believe that they or their loved ones were at risk of bodily harm or even death. Based on false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** induced his victims to transfer money and property for his own personal benefit and for the benefit of others, ultimately defrauding his victims out of millions of dollars.

2.      **ASAAD AMIR HASUAN** further conspired with others to launder the proceeds of these fraud schemes. In particular, **ASAAD AMIR HASUAN** relied on a network of money mules outside of prison to receive and transfer illicit fraud proceeds. These money mules conducted financial transactions designed to conceal the true origin of the funds and otherwise spend the illicit proceeds, including by purchasing real property, mobile homes, and automobiles. **ASAAD AMIR HASUAN** and his co-conspirators also funneled these fraud proceeds through various cash-based businesses, including a car rental company doing business in the name of "One Way Auto." **ASAAD AMIR HASUAN** and his co-conspirators used One Way Auto as a front for the criminal enterprise in order to make illegally obtained fraud proceeds appear legitimate and further profit from the money laundering conspiracy.

<u>**GENERAL ALLEGATIONS**</u>

At all times relevant to this Superseding Indictment:

3.      **ASAAD AMIR HASUAN** was incarcerated at the Glynn County Detention Center ("GCDC") in Brunswick, Georgia and the Telfair State Prison in McRae-Helena, Georgia, and was a resident of the state of Georgia.

4.      Each of the following defendants was a money mule and resident of the state of Georgia: **DEBORAH DANIELSTUNSTILL; DESTINEE LECOUNT; AUDREY GIBBONS; PENNY HUNTER; BEVERLY FREDRICK; LAKISHA EASTON; JASMINE WARREN;** and **MANUEL JOSEPH ROCHA.**

5.      Victim 1 was a resident of the state of New Jersey and the sister of Inmate 1. Victim 1 controlled the following New Jersey-based bank accounts: First Bank of Sea Isle City account ending in 0517 held in her own name; Truist Bank account ending in 3422 held in her own name; and TD Bank account ending in 2865 held in the name of Company A.

2

6.      Victim 2 was a resident of the state of Delaware and in a relationship with Inmate 2. Victim 2 controlled the following Delaware-based bank accounts:  M&T accounts ending in 8277 and 7172; Wells Fargo accounts ending in 8429 and 7394; and Bank of America account ending in 4786.

7.      Victim 3 and Victim 4 were residents of the state of Georgia and were the brother and mother of Inmate 3, respectively.  Victim 3 controlled a Georgia-based Navy Federal Credit Union account ending in 3362.

## COUNT ONE
### (Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(h))

*Objects of the Conspiracy*

8.      The allegations set forth in paragraphs 1 through 7 of this Superseding Indictment are re-alleged as if fully set forth herein.

9.      From at least in or around September 2021 and continuing thereafter up to at least May 2024, the exact dates being unknown to the Grand Jury, in the District of Delaware and elsewhere, the defendants,

**ASAAD AMIR HASUAN**
**a/k/a "Dante Fredrick,"**
**DEBORAH DANIELSTUNSTILL,**
**DESTINEE LECOUNT,**
**AUDREY GIBBONS,**
**PENNY HUNTER,**
**BEVERLY FREDRICK,**
**LAKISHA EASTON,**
**JASMINE WARREN, and**
**MANUEL JOSEPH ROCHA,**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

3

a.    to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.    to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957.

***Manner and Means***

The objects of the conspiracy were to be accomplished by the following manner and means, among others:

10.    It was part of the conspiracy that **ASAAD AMIR HASUAN** would devise, execute, and maintain fraud schemes against the family and friends of his fellow inmates.

11.    It was part of the conspiracy that its members would cause the victims, under false and fraudulent pretenses, to carry out various acts that furthered the objectives of the conspiracy. Those acts included, among other things, sending wire transfers, checks, and cash; opening lines of credit and obtaining credit card cash advances; and purchasing and transferring property.

4

12.     It was part of the conspiracy that its members utilized their victims to conceal their fraudulent and unlawful conduct by, among other things, instructing victims on the timing and nature of the transactions, use of certain financial institutions, structuring of cash withdrawals, and misrepresentations to bank investigators regarding the source of the funds.

13.     It was part of the conspiracy that **DEBORAH DANIELSTUNSTILL, DESTINEE LECOUNT, AUDREY GIBBONS, PENNY HUNTER,** and **BEVERLY FREDRICK,** and others known and unknown to the Grand Jury, would open and maintain bank accounts in their own names, and in the name of business entities, for the purpose of receiving and transferring funds obtained through fraud.

14.     Specifically, it was part of the conspiracy that:

c.      **DEBORAH DANIELSTUNSTILL** opened, maintained, and controlled bank accounts including but not limited to:

      i.      Marshland Credit Union account ending in 8639 held in her own name;

      ii.     Bank of America account ending in 1273 held in her own name; and

      iii.    Navy Federal Credit Union account ending in 3315 held in her own name.

d.      **DESTINEE LECOUNT** opened, maintained, and controlled bank accounts including but not limited to:

      i.      Bank of America account ending in 8419 held in her own name; and

      ii.     Sun Trust account ending in 7314 held in her own name.

e.      **AUDREY GIBBONS** and **PENNY HUNTER** jointly opened, maintained, and controlled bank accounts including but not limited to:

        i.       South Coast Bank & Trust account ending in 8246 held in the names of **AUDREY GIBBONS** and **PENNY HUNTER**; and

        ii.     South Coast Bank & Trust account ending in 2415 held in the name of One Way Automotive Rentals LLC.

    f.    **BEVERLY FREDRICK** opened, maintained, and controlled bank accounts including but not limited to:

        i.       Bank of America account ending in 3107 held in her own name; and

        ii.     Five Star Credit Union account ending in 0854 held in her own name.

15.    It was part of the conspiracy that its members exchanged and transferred fraud proceeds between one another, and others known and unknown to the Grand Jury, in a variety of ways including wire transfers, cashier's checks, peer to peer services, and cash payments.

16.    It was part of the conspiracy that its members engaged in financial transactions designed to conceal the true origin of the funds and otherwise spend the illicit proceeds, including financial transactions relating to the following properties and mobile homes:

    a.    1515 Old Jesup Road, Brunswick, Georgia – purchased by **DEBORAH DANIELSTUNSTILL** on or about February 14, 2022 and sold by **DEBORAH DANIELSTUNSTILL** on or about November 28, 2023;

    b.    120 and 122 Joann Drive, Brunswick, Georgia – purchased by **BEVERLY FREDRICK** on or about March 18, 2022;

    c.    1700 Demere Road, Lot #134, Saint Simons Island, Georgia – purchased by **PENNY HUNTER** on or about April 12, 2022; and

d.      28 Merritt Trace, Brunswick, Georgia – purchased by **PENNY HUNTER** and **ASAAD AMIR HASUAN** on or about May 19, 2022.

17.      It was part of the conspiracy that its members would purchase properties in their own names or in the names of others, record property deeds, execute, maintain, and transfer bills of sale, and obtain and transfer mobile home titles.

18.      It was part of the conspiracy that its members funneled fraud proceeds through a rental car company doing business as "One Way Auto." In particular, members of the conspiracy purchased automobiles through various means, including wire transfers and cashier's checks, designed to conceal the true origin of funds and spend the illicit proceeds. For example, on or about February 17, 2022, **DEBORAH DANIELSTUNSTILL** used fraud proceeds to purchase a cashier's check in the amount of $19,739 for the purchase of a 2013 Chevrolet Tahoe, Vehicle Identification Number ("VIN"): 1GNSCBE00DR230246, which was later used as rental stock for One Way Auto.

19.      It was part of the conspiracy that its members used fraud proceeds to purchase vehicles in all cash transactions to further obfuscate the true source of the funds. Oftentimes, members of the conspiracy, including **DEBORAH DANIELSTUNSTILL**, **DESTINEE LECOUNT**, and **PENNY HUNTER**, would withdraw fraud proceeds in cash and deliver it to **MANUEL JOE ROCHA**, at the direction of **ASAAD AMIR HASUAN**. **MANUEL JOE ROCHA**, who served as an auto broker for the money laundering conspiracy, would then use the cash proceeds to purchase vehicles on behalf of **ASAAD AMIR HASUAN** and at his direction.

20.      It was part of the conspiracy that its members would transport, store, and register vehicles, obtain, and transfer vehicle titles, apply for and maintain auto insurance, and facilitate maintenance or upgrades to the vehicles. Using fraud proceeds to pay for auto maintenance and

improvements was yet another way for the members of the conspiracy to conceal the source of the funds and spend these ill-gotten gains. For example, on or about August 9, 2022, **PENNY HUNTER** paid $18,336.45 for repair and service fees on a 2014 Maserati Quattroporte 4S, VIN: ZAM56RRA9E1082599, all funded with fraud proceeds.

21.    It was part of the conspiracy that **ASAAD AMIR HASUAN** directed **DEBORAH DANIELSTUNSTILL, DESTINEE LECOUNT,** and **JASMINE WARREN,** to serve as "secretaries" for the money laundering conspiracy. Among other things, the "secretaries" were responsible for tracking fraud proceeds transferred between and among accounts, co-conspirators, and others.

22.    It was part of the conspiracy that **PENNY HUNTER,** with the assistance of **AUDREY GIBBONS,** formed Georgia-based limited liability companies on behalf of **ASAAD AMIR HASUAN,** including One Way Automotive Rentals LLC. It was further part of the conspiracy that **AUDREY GIBBONS** provided payroll services and prepared and submitted tax filings on behalf of One Way Automotive Rentals LLC.

23.    It was further part of the conspiracy that its members would profit from their participation in the money laundering conspiracy, including by receiving a "cut" of the fraud proceeds, or otherwise personally benefitting by, among other things, payment of rent, utilities, and other expenses all paid with illicit funds.

24.    It was part of the conspiracy that its members would use various means to communicate with victims and each other, including telephone calls and text messages, to further the underlying fraud schemes and coordinate financial transactions and other activities of the money laundering conspiracy.

25.     It was part of the conspiracy that, between in or around September 2021, and in or around February 2024, accounts controlled by **DEBORAH DANIELSTUNSTILL** received and transferred over $1.8 million in proceeds obtained through wire fraud.

26.     It was part of the conspiracy that, between in or around September 2021, and in or around October 2022, accounts controlled by **DESTINEE LECOUNT** received and transferred over $380,000 in proceeds obtained through wire fraud.

27.     It was part of the conspiracy that, between in or around April 2022, and in or around December 2022, accounts controlled jointly by **AUDREY GIBBONS** and **PENNY HUNTER** received and transferred over $700,000 in proceeds obtained through wire fraud.

28.     It was part of the conspiracy that, between in or around February 2022, and in or around June 2022, accounts controlled by **BEVERLY FREDRICK** received and transferred over $330,000 in proceeds obtained through wire fraud.

### Scheme to Defraud Victim 1

29.     Beginning in or around December 2020, **ASAAD AMIR HASUAN** communicated with Victim 1, directly and indirectly through others known and unknown to the Grand Jury, including **DESTINEE LECOUNT,** while incarcerated at the GCDC. These communications with Victim 1 were conducted by, among others means, telephone calls and text messages.

30.     Through false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** led Victim 1 to believe that he could assist with Inmate 1's criminal case. In particular, **ASAAD AMIR HASUAN** claimed that he had a team of attorneys associated with his business, Legal Justice Matters LLC. **ASAAD AMIR HASUAN** further claimed that he could get Inmate 1 out of prison prior to his projected release date.

31.     Additionally, through false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** led Victim 1 to believe that he was a savvy investor and stockbroker who had made over a million dollars in the stock market. **ASAAD AMIR HASUAN** falsely promised Victim 1 that he would invest funds on her behalf to help cover Inmate 1's legal expenses.

32.     On or about September 13, 2021, at the direction of **ASAAD AMIR HASUAN** and under false and fraudulent pretenses, Victim 1 registered Company A, a limited liability company in New Jersey. In addition, on or about September 20, 2021, at the direction of **ASAAD AMIR HASUAN** and under false and fraudulent pretenses, Victim 1 opened a business checking account at TD Bank ending in 2865 in the name of Company A, for the purpose of sending and receiving funds.

33.     In furtherance of the scheme to defraud Victim 1, **ASAAD AMIR HASUAN** attempted unsuccessfully to convince Victim 1 to transfer a property to him via quit claim deed, under false and fraudulent pretenses.

34.     Based on these false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** induced Victim 1 to transfer funds to accounts under his control. In particular, **ASAAD AMIR HASUAN,** directly and indirectly through others known and known to the Grand Jury, instructed Victim 1 to make payments to members of the money laundering conspiracy, including but not limited to **DEBORAH DANIELSTUNSTILL** and **DESTINEE LECOUNT.**

35.     At times, **ASAAD AMIR HASUAN** provided Victim 1 with the relevant details for the transactions, including when and how the funds should be sent. Victim 1 transferred funds by various means, including wire transfers. In some instances, at the direction of **ASAAD AMIR**

HASUAN, Victim 1 listed the purpose of the wire as "legal fees." **ASAAD AMIR HASUAN** further instructed Victim 1 to conceal these payments from Inmate 1 and others.

36.     On or about November 29, 2021, in furtherance of his scheme to defraud Victim 1 and to induce her to send more money, **ASAAD AMIR HASUAN** instructed Victim 2 to transfer funds to Victim 1 under false and fraudulent pretenses.

37.     In total, between September and November 2021, at the direction of **ASAAD AMIR HASUAN** and under false and fraudulent pretenses, Victim 1 transferred approximately $160,000 in funds to accounts controlled by members of the criminal enterprise.

### Scheme to Defraud Victim 2

38.     Beginning in or around November 2021, **ASAAD AMIR HASUAN** communicated with Victim 2, directly and indirectly through others known and unknown to the Grand Jury, including **DEBORAH DANIELSTUNSTILL** and **JASMINE WARREN**, while incarcerated at the GCDC and the Telfair State Prison. These communications were conducted by, among other means, telephone calls and text messages.

39.     Through false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** led Victim 2 to believe that he could help resolve the criminal charges against Inmate 2 and get him out of prison. In particular, **ASAAD AMIR HASUAN** led Victim 2 to believe that a person who gave a statement against Inmate 2 in connection with Inmate 2's criminal charges (the "Complainant") would agree to recant her statement in exchange for a $40,000 payment. **ASAAD AMIR HASUAN** further led Victim 2 to believe that he would facilitate that payment.

40.     As part of his scheme to defraud Victim 2, **ASAAD AMIR HASUAN** also led Victim 2 to believe that Inmate 2 was in danger of physical harm. Specifically, **ASAAD AMIR**

HASUAN convinced Victim 2 that Inmate 2 would be killed unless Victim 2 continued to make payments to the Complainant's family. **ASAAD AMIR HASUAN** further led Victim 2 to believe that she and her family were in danger because of her association with Inmate 2. **ASAAD AMIR HASUAN** falsely assured Victim 2 that he would facilitate these extortion payments and otherwise ensure their safety.

41.    Additionally, through false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** led Victim 2 to believe that he was a real estate investor and stockbroker with a significant net worth. **ASAAD AMIR HASUAN** convinced Victim 2 that she could recoup the money she had paid out through various investments. **ASAAD AMIR HASUAN** falsely promised Victim 2 that he would invest funds and engage in real estate transactions on her behalf.

42.    Based on these false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** induced Victim 2 to transfer funds to individuals and accounts under his control. In particular, **ASAAD AMIR HASUAN**, directly and indirectly through others known and unknown to the Grand Jury, instructed Victim 2 to make payments to members of the money laundering conspiracy, including but not limited to **DEBORAH DANIELSTUNSTILL, DESTINEE LECOUNT, AUDREY GIBBONS, PENNY HUNTER,** and **BEVERLY FREDRICK**.

43.    At times, **ASAAD AMIR HASUAN** provided Victim 2 with the relevant details for the transactions, including when and how the funds should be sent. Victim 2 transferred funds by various means, including wire transfers, online banking transfers, cashier's checks, money orders, peer to peer payments, and cash. In some instances, Victim 2 included a description of the purpose of the payment, as directed by **ASAAD AMIR HASUAN**. At times, **ASAAD AMIR**

HASUAN further directed Victim 2 on how to respond to bank inquiries relating to the transactions.

44.    By way of example, under false and fraudulent pretenses and at the direction of **ASAAD AMIR HASUAN**, Victim 2 sent the following wire transfers to accounts held by members of the money laundering conspiracy:

a.    On or about November 12, 2021, Victim 2 initiated a $40,000 wire transfer from her Bank of America account ending in 4786 to the Marshland Credit Union account ending in 8639 in the name of **DEBORAH DANIELSTUNSTILL**, listing "Property Purchase" in the transaction detail;

b.    On or about February 8, 2022, Victim 2 initiated a $225,000 wire transfer from her M&T account ending in 8277 to the Marshland Credit Union account ending in 8639 in the name of **DEBORAH DANIELSTUNSTILL** (no transaction detail);

c.    On or about February 17, 2022, Victim 2 initiated a $150,000 wire transfer from her Wells Fargo account ending in 8429 to the Bank of America account ending in 3107 in the name of **BEVERLY FREDRICK**, listing "property" in the transaction detail;

d.    On or about March 24, 2022, Victim 2 initiated a $125,000 wire transfer from her Wells Fargo account ending in 7394 to the South Coast Bank & Trust account ending in 8246 jointly held by **AUDREY GIBBONS** and **PENNY HUNTER**, listing "paying back funds of coinvestment" in the transaction detail; and

13

e.      On or about May 6, 2022, Victim 2 initiated a $135,000 wire transfer from her Wells Fargo account ending in 8429 to the South Coast Bank & Trust account ending in 8246 jointly held by **AUDREY GIBBONS** and **PENNY HUNTER**, listing "Purchase Rental Property" in the transaction detail.

45.     Additionally, under false and fraudulent pretenses, **ASAAD AMIR HASUAN** convinced Victim 2 to make payments to various third parties for the benefit of **ASAAD AMIR HASUAN** and others.  This included, among other things, payments for the purchase of vehicles.

46.     For example, on or about February 24, 2022, under false and fraudulent pretenses, Victim 2 purchased a cashier's check in the amount of $31,250 made payable to a South Carolina-based car dealership, which was used to purchase a 2019 Ford Edge, VIN: 2FMPK4K93KBC40376.  Additionally, on or about April 8, 2022, under false and fraudulent pretenses, Victim 2 wired $59,000 for the purchase of a 2010 Bentley Continental GT, VIN: SCBCU8ZA5AC064162 from an Ohio-based car dealership.

47.     At the direction of **ASAAD AMIR HASUAN**, under false and fraudulent pretenses, Victim 2 funded these transactions in a variety of ways, including by transferring funds from her retirement accounts, selling property, opening lines of credit, and obtaining credit card cash advances.

48.     In furtherance of the scheme to defraud Victim 2, in or around August 2022, **ASAAD AMIR HASUAN** convinced Victim 2 to transfer two properties to an individual under his control via quit claim deed.

49.     In or about November 2022, when Victim 2 refused to send more funds, **ASAAD AMIR HASUAN** made explicit threats of bodily harm to Victim 2 and her family.  Between on or about November 19 and November 24, 2022, **ASAAD AMIR HASUAN** sent a series of

threatening text messages to Victim 2, under false and fraudulent pretenses, in an attempt to induce her to send more money out of fear.

50.    Specifically, via text message, **ASAAD AMIR HASUAN** told Victim 2 in part: "Answer the fuckin phone or u will regret it" and "This blood is on your hands." In these text messages, **ASAAD AMIR HASUAN** claimed that Victim 2 owed him two million dollars, stating "I hope you have money for funeral arrangements." **ASAAD AMIR HASUAN** further told Victim 2, under false and fraudulent pretenses, that she was placing her family members in danger and gave her an ultimatum: "if you want to survive this the money must go in."

51.    In total, between November 2021 and November 2022, at the direction of **ASAAD AMIR HASUAN** and under false and fraudulent pretenses, Victim 2 transferred money and property valued at approximately $3.5 million to members of the criminal enterprise or for their benefit and others acting under their direction and control.

### Scheme to Defraud Victims 3 and 4

52.    Beginning in or around December 2023 and January 2024, **ASAAD AMIR HASUAN** communicated with Victims 3 and 4, directly and indirectly through others known and unknown to the Grand Jury, including **JASMINE WARREN**, while incarcerated at the GCDC. These communications were conducted by, among other means, telephone calls and text messages.

53.    Through these communications, **ASAAD AMIR HASUAN** claimed that Inmate 3 owed a drug debt to a Mexican drug cartel. **ASAAD AMIR HASUAN** further claimed that the cartel would kill Inmate 3 and members of his family if the debt went unpaid.

54.    Under false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** led Victims 3 and 4 to believe that the threats against Inmate 3 and their family were real. **ASAAD AMIR HASUAN** also led them to believe that he would facilitate payment of

15

the drug debt and protect Inmate 3 from the cartel. **ASAAD AMIR HASUAN** further instructed Victims 3 and 4 to conceal this purported cartel extortion scheme from police.

55.    In furtherance of the scheme and at **ASAAD AMIR HASUAN's** direction, in or around January 2024, **JASMINE WARREN** sent text messages to Victim 3, pretending to be a member of the cartel. These text messages claimed, in substance and in part, that **ASAAD AMIR HASUAN** had fronted money to the cartel to help Inmate 3. **JASMINE WARREN**, pretending to be a member of the cartel, further threatened Victim 3: "NEXT TIME BLOOD WILL BE SHED."

56.    At the direction of **ASAAD AMIR HASUAN**, under false and fraudulent pretenses, Victims 3 and 4 funded payment of the purported drug debt in a variety of ways, including by borrowing money from others, opening lines of credit, and obtaining credit card cash advances. **ASAAD AMIR HASUAN** further instructed Victim 3 to structure cash withdrawals in transactions less than $10,000 to avoid reporting requirements by the banks.

57.    Based on these false and fraudulent pretenses, representations, and promises, **ASAAD AMIR HASUAN** induced Victims 3 and 4 to transfer funds to individuals and accounts under his control. In particular, **ASAAD AMIR HASUAN**, directly and indirectly, through others known and unknown to the Grand Jury, instructed Victims 3 and 4 to make payments to members of the money laundering conspiracy, including but not limited to **DEBORAH DANIELSTUNSTILL, LAKISHA EASTON,** and **JASMINE WARREN**.

58.    At times, **ASAAD AMIR HASUAN** provided Victims 3 and 4 with the relevant details for the transactions, including when and how the funds should be sent. Victims 3 and 4 transferred funds at **ASAAD AMIR HASUAN's** direction by various means, including cash drops, wire transfers, and peer to peer services, such as Cash App, PayPal, and MoneyGram.

16

59.    **ASAAD AMIR HASUAN** further instructed Victim 3 to transfer vehicles to individuals under his control, under false and fraudulent pretenses.  For example, on or about January 16, 2024, Victim 3 purchased a Hyundai Genesis GV80, VIN# KMUHBDSB2RU174111 from a Georgia-based car dealership, at **ASAAD AMIR HASUAN's** direction.  The vehicle was then picked up by an individual under **ASAAD AMIR HASUAN's** control.

60.    Additionally, under false and fraudulent pretenses, **ASAAD AMIR HASUAN** instructed Victim 3 to make payments to third parties for **ASAAD AMIR HASUAN's** benefit and the benefit of others, including payments to local auto shops, utility providers, and the jail commissary.

61.    In total, between December 2023 and January 2024, at the direction of **ASAAD AMIR HASUAN** and under false and fraudulent pretenses, Victims 3 and 4 transferred money and property valued at approximately $215,000 to members of the criminal enterprise or for their benefit and others acting under their direction and control.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT TWO**
**(Concealment Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))**

62.    The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

63.    On or about February 14, 2022, in the District of Delaware and elsewhere, defendants **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** and **DEBORAH DANIELSTUNTILL** did knowingly conduct, cause to be conducted, and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the initiation of a wire transfer in the amount of $102,000 from the Bank of America account ending in 1273 to an account held by a Georgia law firm in connection with the purchase of a mobile home located at 1515 Old

17

Jesup Road in Brunswick, Georgia, which involved the proceeds of a specific unlawful activity, that is wire fraud perpetrated against Victim 2, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNT THREE**
**(Concealment Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))**

64.    The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

65.    On or about February 17, 2022, in the District of Delaware and elsewhere, defendants **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** and **DEBORAH DANIELSTUNTILL** did knowingly conduct, cause to be conducted, and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check in the amount of $19,739 made payable to a Georgia-based car dealership in connection with the purchase of a 2013 Chevrolet Tahoe, VIN: 1GNSCBE00DR230246, which involved the proceeds of a specific unlawful activity, that is wire fraud perpetrated against Victim 2, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

18

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR
### (Concealment Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))

66.     The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

67.     On or about March 18, 2022, in the District of Delaware and elsewhere, defendants **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** and **BEVERLY FREDRICK** did knowingly conduct, cause to be conducted, and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check in the amount of $36,400 made payable to a Georgia limited liability company in connection with the purchase of two mobile homes located at 120 and 122 Joann Drive in Brunswick, Georgia, which involved the proceeds of a specific unlawful activity, that is wire fraud perpetrated against Victim 2, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FIVE
### (Concealment Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))

68.     The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

69.     On or about April 12, 2022, in the District of Delaware and elsewhere, defendants **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** and **PENNY HUNTER** did knowingly

conduct, cause to be conducted, and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check in the amount of $55,000 made payable to the property owner in connection with the purchase of a mobile home located at 1700 Demere Road, Lot #134 in Saint Simons Island, Georgia, which involved the proceeds of a specific unlawful activity, that is wire fraud perpetrated against Victim 2, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SIX
### (Concealment Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))

70.     The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

71.     On or about May 11, 2022, in the District of Delaware and elsewhere, defendants **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** and **BEVERLY FREDRICK** did knowingly conduct, cause to be conducted, and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the purchase of a cashier's check in the amount of $110,000 made payable to **PENNY HUNTER** in connection with the purchase of single-family home located at 28 Merritt Trace in Brunswick, Georgia, which involved the proceeds of a specific unlawful activity, that is wire fraud perpetrated against Victim 2, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified

20

unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT SEVEN
### (Spending Money Laundering – 18 U.S.C. § 1957)

72.     The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

73.     On or about May 19, 2022, in the District of District of Delaware and elsewhere, defendants **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** and **PENNY HUNTER** did knowingly engage, cause to be engaged in, and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the initiation of a wire transfer in the amount of $269,882.31 from the South Coast Bank & Trust account ending in 8246 to an account held by a Georgia law firm in connection with the purchase of real property located at 28 Merritt Trace in Brunswick, Georgia, such property having been derived from a specified unlawful activity, that is, wire fraud perpetrated against Victim 2, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Codes, Sections 1957 and 2.

## COUNT EIGHT
### (Concealment Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))

74.     The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

75.     On or about August 9, 2022, in the District of Delaware and elsewhere, defendants **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** and **PENNY HUNTER** did knowingly

conduct, cause to be conducted, and attempt to conduct a financial transaction affecting interstate

and foreign commerce, to wit, the purchase of a cashier's check in the amount of $18,336.45 made

payable to a Florida auto dealership in connection with services to a 2014 Maserati Quattroporte

4S, VIN: ZAM56RRA9E1082599, which involved the proceeds of a specific unlawful activity,

that is wire fraud perpetrated against Victim 2, in violation of Title 18, United States Code, Section

1343, knowing that the transaction was designed in whole or in part to conceal and disguise the

nature, location, source, ownership, and control of the proceeds of said specified unlawful activity

and that while conducting and attempting to conduct such financial transaction defendants knew

that the property involved in the financial transaction represented the proceeds of some form of

unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNT NINE**
**(Concealment Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))**

76.     The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this

Superseding Indictment are re-alleged as if fully set forth herein.

77.     On or about November 28, 2023, in the District of Delaware and elsewhere,

defendants **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** and **DEBORAH**

**DANIELSTUNSTILL** did knowingly conduct, cause to be conducted, and attempt to conduct a

financial transaction affecting interstate and foreign commerce, to wit, receipt of a wire transfer in

the amount $45,551.19 from an account held by a Georgia law firm to a Marshland Credit Union

account ending in 8639 in the name of **DEBORAH DANIELSTUNSTILL** in connection with

the sale of a mobile home located at 1515 Old Jesup Road in Brunswick, Georgia, which involved

the proceeds of a specific unlawful activity, that is wire fraud perpetrated against Victim 2, in

violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed

22

in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**COUNT TEN**
**(Wire Fraud – 18 U.S.C. § 1343)**

78.     The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

79.     From on or about November 6, 2021, through on or about November 24, 2022, in the District of Delaware and elsewhere, defendant **ASAAD AMIR HASUAN a/k/a "Dante Fredrick,"** having devised and intending to devise a scheme and article to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, as described in paragraphs 38 through 51 above, and for the purpose of executing such scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce, telephone calls, text messages, and transfers of funds, including but not limited to the following:

a.     On or about November 10, 2021, a telephone call with Victim 2 regarding **ASAAD AMIR HASUAN's** purported real estate investments and stock market earnings;

b.     On or about November 12, 2021, a telephone call with Victim 2 to coordinate a $40,000 payment purportedly to resolve the charges against Inmate 2;

23

c.    On or about November 12, 2021, a wire transfer in the amount of $40,000 initiated by Victim 2 from her Bank of America account ending in 4786 to the Marshland Credit Union account ending in 8639 in the name of **DEBORAH DANIELSTUNSTILL**;

d.    On or about December 2, 2021, a telephone call with Victim 2 regarding **ASAAD AMIR HASUAN's** purported efforts to ensure her protection;

e.    On or about February 8, 2022, a wire transfer in the amount of $225,000 initiated by Victim 2 from her M&T account ending in 8277 to the Marshland Credit Union account ending in 8639 in the name of **DEBORAH DANIELSTUNSTILL**;

f.    On or about February 17, 2022, a wire transfer in the amount of $150,000 initiated by Victim 2 from her Wells Fargo account ending in 8429 to the Bank of America account ending in 3107 in the name of **BEVERLY FREDRICK**;

g.    On or about March 24, 2022, a wire transfer in the amount of $125,000 initiated by Victim 2 from her Wells Fargo account ending in 7394 to the South Coast Bank & Trust account ending in 8246 jointly held by **AUDREY GIBBONS** and **PENNY HUNTER**;

h.    On or about April 8, 2022, a wire transfer in the amount of $59,000 initiated by Victim 2 from her Wells Fargo account ending in 7394 for the purchase of a 2010 Bentley Continental GT, VIN: SCBCU8ZA5AC064162;

i.    On or about May 6, 2022, a wire transfer in the amount of $135,000 initiated by Victim 2 from her Wells Fargo account ending in 8429 to the South

24

Coast Bank & Trust account ending in 8246 jointly held by **AUDREY GIBBONS** and **PENNY HUNTER**;

j.      On or about November 24, 2022, a text message to Victim 2 with the ultimatum "if you want to survive this the money must go in."

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT ELEVEN**
**(Attempted Hobbs Act Extortion – 18 U.S.C. § 1951)**

80.      The allegations set forth in paragraphs 1 through 28 and 38 through 51 of this Superseding Indictment are re-alleged as if fully set forth herein.

81.      In or about November 2022, in the District of Delaware and elsewhere, defendant **ASAAD AMIR HASUAN a/k/a "Dante Fredrick"** did attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, to wit, defendant **ASAAD AMIR HASUAN** used threats of violence and bodily harm, as described above in paragraphs 49 and 50, in an attempt to induce payments from Victim 2.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## FORFEITURE ALLEGATION I
### (Counts One Through Nine)

82.    Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956 or 1957, alleged in Counts One through Nine of this indictment, the defendants,

**ASAAD AMIR HASUAN**
**a/k/a "Dante Fredrick,"**
**DEBORAH DANIELSTUNSTILL,**
**DESTINEE LECOUNT,**
**AUDREY GIBBONS,**
**PENNY HUNTER,**
**BEVERLY FREDRICK,**
**LAKISHA EASTON,**
**JASMINE WARREN, and**
**MANUEL JOSEPH ROCHA,**

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a.    The residence, garage, outbuildings, and all other appurtenances thereto and fixtures and improvements thereon, located at **28 Merritt Trace, Brunswick, Georgia 31525** and with the following description: FIELD NOTES OF .5 ACRES, MORE OR LESS, OUT OF BLOCK - LOT 0105-00 000-002, MERRITT ESTATES SUBDIVISION AS SHOWN ON THE PLAT OF RECORD IN VOLUME PD 30, PAGE 267; DB 5T, PAGE 494, GLYNN COUNTY DEED RECORDS, GLYNN COUNTY, GEORGIA AND DESCRIBED AS FOLLOWS: PARCEL NUMBER 03-22239, located on the east side of Merritt Trace, Brunswick, Georgia, 31525, with frontage of 118.48'. The property extends 126.49' on the northern boundary. The southern property line extends 145.15'. The rear property line extends 152.64'.

b.    All funds held by Marshland Credit Union Member Account No. 218639;

c.    All funds held by Navy Federal Credit Union Account No. 7108753315;

d.    2013 Chevrolet Tahoe, VIN: 1GNSCBE00DR230246;

e.    2015 Infiniti QX80, VIN: JN8AZ2NF2F9572618;

26

f.      2003 Hummer H2, VIN: 5GRGN23U83H126010; and

g.      2003 Hummer H2, VIN: 5GRGN23U73H101485;

## FORFEITURE ALLEGATION II
### (Count Ten)

83.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count Ten of this Indictment/Information, the defendant, **ASAAD AMIR HASUAN a/k/a "Dante Fredrick,"** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

a.      The residence, garage, outbuildings, and all other appurtenances thereto and fixtures and improvements thereon, located at **28 Merritt Trace, Brunswick, Georgia 31525** and with the following description: FIELD NOTES OF .5 ACRES, MORE OR LESS, OUT OF BLOCK - LOT 0105-00 000-002, MERRITT ESTATES SUBDIVISION AS SHOWN ON THE PLAT OF RECORD IN VOLUME PD 30, PAGE 267; DB 5T, PAGE 494, GLYNN COUNTY DEED RECORDS, GLYNN COUNTY, GEORGIA AND DESCRIBED AS FOLLOWS: PARCEL NUMBER 03-22239, located on the east side of Merritt Trace, Brunswick, Georgia, 31525,with frontage of 118.48'. The property extends 126.49' on the northern boundary. The southern property line extends 145.15'. The rear property line extends 152.64'.

b.      All funds held by Marshland Credit Union Member Account No. 218639;

c.      All funds held by Navy Federal Credit Union Account No. 7108753315;

d.      2013 Chevrolet Tahoe, VIN: 1GNSCBE00DR230246;

e.      2015 Infiniti QX80, VIN: JN8AZ2NF2F9572618;

f.      2003 Hummer H2, VIN: 5GRGN23U83H126010;

g.      2003 Hummer H2, VIN: 5GRGN23U73H101485;

h.      2019 Ford Edge, VIN: 2FMPK4K93KBC40376; and

i.	2010 Bentley Continental, VIN: SCBCU8ZA5AC064162.

## Substitute Assets Provision
### (Applicable to All Forfeiture Allegations)

84.	If the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.	cannot be located upon the exercise of due diligence;

    b.	has been transferred or sold to, or deposited with, a third party;

    c.	has been placed beyond the jurisdiction of the court;

    d.	has been substantially diminished in value; or

    e.	has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL:

Foreperson

DAVID C. WEISS
United States Attorney

BY: _____
Meredith C. Ruggles
Claudia L. Pare
Assistant United States Attorneys

Dated: 11 / 14 / 2024

28

THIRD SUPERSEDING

I, ASAAD AMIR HASAN having been presented with a copy of the Indictment, upon arraignment, I do hereby enter a plea of NOT guilty to the Indictment filed in this case.

Dated this 21st day of NOV, 2024

Deft.

Cnsl.